William George **DECK** and Louis Ralph
Montano, Appellants,

v.

**UNITED STATES** of America,
Appellee.

No. 22420.

United States Court of Appeals
Ninth Circuit.

May 7, 1968.

Robert J. Hirsh, Tucson, Ariz., for Louis Ralph Montano.

Leslie J. Gilbertson, Tucson, Ariz., for William George Deck.

Jo Ann D. Diamos (argued), Asst. U. S. Atty., Edward E. Davis, U. S. Atty., Tucson, Ariz., for appellee.

Before HAMLEY and DUNIWAY, Circuit Judges, and TAYLOR, District Judge.*

**DUNIWAY, Circuit Judge:**

Deck and Montano were jointly charged in a two-count indictment. Count one charged that they unlawfully imported marihuana from Mexico in violation of 21 U.S.C. § 176a, count two that they imported amphetamine tablets from Mexico without presenting them to a Customs Officer for inspection in violation of 18 U.S.C. § 545. See also 19 U.S.C. § 1461. Each was tried separately and convicted on both counts; each appeals. As to each, sentences were concurrent, 5 years on count one, 1 year on count two. We therefore confine our attention to count one. We affirm.

On the afternoon of January 8, 1967, at Nogales, the two appellants crossed the border from Mexico into the United States in an automobile. Montano was driving; Deck sat beside him. They said that they came from Mazatlan and declared no merchandise except a few Mexican cigarettes. They were directed to a secondary station for inspection. There, they were asked to put their baggage on a table for inspection, which they did, opening the trunk of the car to take it out. One of the inspectors noted a divider between the trunk space and the back of the rear seat. He pushed the divider, meeting resistance. He reached behind it and pulled out a sack weighing 43 pounds, containing marihuana. The car was then more thoroughly searched and about 160 amphetamine tablets were found.

In one of Deck's pockets was a packet of "Zig-Zag" cigarette papers in which were bits of marihuana. While Montano's person was being searched, Deck waited in an outer office with a customs agent. He was under arrest and had been given a "Miranda" type warning (Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694), which at least made it clear that he need not say anything and that anything he said could be used against him. The agent lit an ordinary cigarette, whereupon Deck remarked, "The stuff we are bringing in is a lot better for you than the stuff you are smoking."

I. *Points common to both appeals.*

A. *Denial of motion to suppress— Search of the car.*

It is urged that there was no reasonable basis for the search of the car. The fact that it was brought across the border was basis enough. Here there was no such invasion of privacy as to require anything more; the search as conducted was reasonable. 19 U.S.C. § 482, Boyd v. United States, 1886, 116 U.S. 616, 623, 6 S.Ct. 524, 29 L.Ed. 746;

---

* Honorable Fred M. Taylor, District Judge, United States District Court, Idaho, sitting by designation.

Carroll v. United States, 1925, 267 U.S. 132, 154, 45 S.Ct. 280, 69 L.Ed. 543; Henderson v. United States, 9 Cir., 1967, 390 F.2d 805, and cases there cited; Alexander v. United States, 9 Cir., 1966, 362 F.2d 379, cert. denied, 385 U.S. 977, 87 S.Ct. 519, 17 L.Ed.2d 439, and cases there cited.

B. *Denial of motion to require government witnesses to talk to defense counsel.*

■ Two days before trial, and after the case had been continued for several months at appellants' request, they filed a motion for a further continuance and for an order requiring government witnesses "to apprise Defense Counsel of the evidence they expect to give at the trial." This was supported by counsel's affidavit stating that defendants had "had an opportunity to review the brief report contained in the government's file, but that they were denied the right to discuss the case with the same witness." It further stated that this witness had refused to discuss any aspect of the case with defense counsel, and that counsel believed that other government witnesses would do likewise. In response, government counsel stated that she had made the government's file available to defense counsel. There was no evidence that the government prevented its witnesses from discussing the case with counsel. The record merely shows that the witnesses refused to do so. The motion was denied. The court could well have concluded that the motion was interposed primarily for delay. Nothing in the record would support even an inference that the refusal of the witnesses to talk to defense counsel in any way hampered their defense. We find no abuse of discretion, no prejudice, and no error.

C. *Refusal of instruction as to "psychotrophic" effects of marihuana.*

Each defendant asked the court to tell the jury that before it could convict, it "must find that the marijuana in ques-

tion was capable of having a psychotrophic activity on a human being."

■ The statute does not so provide. For a definition of "marihuana," 21 U.S.C. § 176a refers us to 26 U.S.C. § 4761. That section provides, in part, (subd. (2)):

"The term 'marihuana' means all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; * * * but shall not include the mature stalks of such plant, fiber produced from such stalks * * * or the sterilized seed of such plant which is incapable of germination."

We know of no reason why Congress cannot prohibit the importation of all parts of the plant; we are not here concerned with the wisdom of the enactment. See Leary v. United States, 5 Cir., 1967, 383 F.2d 851, 860–861, 869–870. We pass the question as to whether a neologism such as "psychotrophic" can ever be used, undefined, in instructing a jury.

II. *Separate points raised by Deck.*

A. *Admission of Deck's statement.*

■ The court admitted the statement because it was volunteered, not because the full warning required by *Miranda* had been given. As to that, the court had doubts. The ruling was right.

B. *Admission of the "Zig-Zag" papers and marihuana contained in the packet.*

■ The ground of objection was not unlawful search. The only only objection was that "it will be a little prejudicial because it's other misconduct, and [must be shown by] clear and convincing evidence in order to have it admissible." Later, when the exhibit was actually offered, counsel said, "no objection." The evidence was admissible to show knowledge and intent.

D. *Sufficiency of the evidence.*

■ It is urged that Deck was only a passenger in the car, and that there was no evidence that he had possession of the marihuana or knowingly participated

in importing it. On these issues, both his statement to the agent and the "Zig-Zag" papers packet and its contents were relevant and material. The question, on the evidence presented, was close, but it was for the jury.

### III. *Separate points raised by Montano.*

#### A. *Denial of Mistrial.*

In her opening statement, government counsel, after carefully pointing out that what she was to say was not evidence, said that she expected that the inspector who found the marihuana would testify that, when he reached in and felt the sack, "he asked Mr. Montano: 'What is this gunny sack?' He said: 'It is a sand ballast for a light car.'"

With the jury absent, the court heard testimony as to this occurrence, and decided to exclude the evidence, saying: "I say to you very frankly that I don't believe it is within Miranda. But I don't think it is going to make enough difference in the case. To be certain you make no mistake, I am not going to let him tell about the answer." Counsel then moved for a mistrial. The court denied it, giving its reasons:

> "I told you a moment ago I really think that was entirely proper and I could not say the United States Attorney was in bad faith in making that statement during the opening statement. As a matter of fact, I have grave doubt I am giving the United States fair treatment in sustaining. I am merely doing it in bending over backwards in favor of your client. For that reason I will deny the motion for a mistrial."

The court was right.

#### B. *Failure to exclude the marihuana from evidence.*

This contention is based upon the motion discussed in point I. C, supra. It is without merit.

#### C. *Limitation on counsel's voir dire examination of the jury.*

It is contended that the court should have permitted counsel to ask each prospective juror what types of criminal cases the juror had previously heard. We find here no abuse of discretion. Rule 24(a), F.R.Crim.P.; Bellard v. United States, 5 Cir., 1966, 356 F.2d 437, 439, cert. denied, 385 U.S. 856, 87 S.Ct. 103, 17 L.Ed.2d 83; see also Gold v. United States, 9 Cir., 1967, 378 F.2d 588, 594.

Affirmed.