**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Paul David SUTTON, Jr., and Joseph Michael Lejioux, Defendants.**

**No. CR–69–372.**

United States District Court,
D. Arizona.

May 18, 1970.

James M. Wilkes, Asst. U. S. Atty., Tucson, Ariz., for plaintiff.

J. Wm. Brammer, Jr., of DeConcini & McDonald, Tucson, Ariz., for defendant Sutton.

Charles M. Giles, of Giles & Moore, Tucson, Ariz., for defendant Lejioux.

## OPINION

LAYTON, District Judge.[*]

The defendants were found guilty of a violation of 21 U.S.C. § 176a by a jury on February 20, 1970. After the trial, timely motions were filed on behalf of both defendants under Rules 29(c) and 33 of Federal Rules of Criminal Procedure for judgment of acquittal and, in the alternative, for a new trial. After consideration of the briefs of both plaintiff and the defendants, a motion of acquittal will be granted on behalf of the defendant Lejioux, while the defendant Sutton's two motions will be denied.

The facts, insofar as they are relevant, are as follows. On or about September 24, 1969, the defendants met in Tucson by prearrangement and went to a motel where Sutton registered for a room using a false name. Lejioux was present and occupied the room but took no part in the rental. On the same day, the defendants went to a car rental agency where Sutton rented a car using his own name. Again, Lejioux was present but took no part in the transaction. The two defendants then drove into Mexico for the ostensible purpose of purchasing leather goods for resale in Seattle, Washington. On October 2, 1969, Sutton alone [1] drove the rented car, filled with leather goods, to the truck gate on the International Border between Nogales, Sonora, and Nogales, Arizona, and declared these goods in order to pay the duty. He declared no marijuana. On request, he drove to the dock. There the Customs agent became suspicious when he saw some seeds on the floor of the car and called for some other agents to search it for narcotics. In the course of this inspection, the agents pressed the valve stems of the tires and were conscious of the smell of marijuana emanating from the left front tire. A subsequent search of Sutton's person disclosed no marijuana or cigarettes. The car was driven to a service station in Nogales, Arizona, where the tire was broken down. Inside the tire, the agents found ten pounds of a green leafy sub-

---

[*] Sitting in the United States District Court for the District of Arizona by assignment.

1. As the car approached the International Border, Lejioux decided to leave the car to shop for leather goods in Nogales, Sonora, then to walk across the border to join Sutton after he had cleared Customs inspection.

stance which was identified as marijuana. On information supplied by Sutton, the agents then began a search for the defendant Lejioux. Lejioux was observed walking down Grand Avenue towards the border. Upon request, he accompanied the agents to a central office where he was searched. No cigarette papers or marijuana were found on Lejioux.

## LEJIOUX'S MOTION FOR ACQUITTAL

The record in this case fails to reveal:

(1) That Lejioux was a party to any plan to purchase marijuana or smuggle it into the United States.

(2) That he purchased any such drug or was a party to, or had knowledge of, its purchase in Mexico, or of its presence in the tire of the car.

(3) That he had possession, sole or joint, of such drugs at any point prior to, or on entering, the United States.

(4) That he had any dominion or control over the vehicle (which was rented and paid for by Sutton).

(5) That he was in the car as it crossed the border.

(6) That he had any drug on his person when entering the United States.

(7) Unlike the facts of Deck v. United States, 395 F.2d 89 (9th Cir. 1968), the defendant made no incriminating statement.

■■ Under the circumstances, the motion for acquittal must be granted as to Lejioux. Guilt cannot be established by mere association, Glover v. United States, 306 F.2d 594 (9th Cir. 1962), or by presence of a person at the scene even with knowledge that a crime is being committed, Diaz-Rosendo v. United States, 364 F.2d 941 (9th Cir. 1966). On the record here, Lejioux's guilt is a matter of mere suspicion or speculation and falls far short of proof beyond a reasonable doubt that he unlawfully imported, or aided and assisted in unlawfully importing, marijuana into this

country because possession was never established. Delgado v. United States, 327 F.2d 641 (9th Cir. 1964); Arellanes v. United States, 302 F.2d 603 (9th Cir. 1962); Montoya v. United States, 402 F.2d 847 (5th Cir. 1968). See also Deck v. United States, 395 F.2d 89 (9th Cir. 1968).[2]

## SUTTON'S MOTIONS FOR ACQUITTAL AND FOR NEW TRIAL

■ Sutton's motions will be denied because there is sufficient evidence relating him to the marijuana to go to a jury. He rented the car and had apparent control over it. He drove it into the United States when the left front tire contained marijuana. This is sufficient to take the case to a jury.

■ The argument that the United States failed to introduce proof of the applicable statutory law to establish that his acts were illegal is without foundation. The Court could, and did, take judicial knowledge of the law, read it to the jury and instructed the jury as to its meaning. Wharton's Criminal Procedure, § 2037, 182; Underhill's Criminal Evidence (5th Ed.), §§ 61, 97.

His second point is that the government failed to prove that Sutton actually drove the car containing the drug into the United States. To the contrary, the record discloses that he first drove up to the passenger car entrance and was told to back up and enter by the truck entry. He crossed the border by driving his car over to the dock set aside for trucks. Tr. 9, 30.

Thirdly, he excepts to the Court's charge on circumstantial evidence. There is nothing to this point. Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954).

■ Fourth, he argues that the statute requiring that the marijuana be declared upon entry (21 U.S.C. § 176a) is unconstitutional for the reason that it violates his constitutional right against

---

**2.** In this case, defendant made a statement linking him to the crime but the language of the Court is, nevertheless, apt.

self-incrimination. This argument is without substance. Walden v. United States, 417 F.2d 698 (5th Cir. 1969); Witt v. United States, 413 F.2d 303 (9th Cir. 1969).

Fifth, it is complained that it was reversible error to permit the introduction of the false registration by defendant under another name at the motel in Tucson prior to crossing the border. This evidence was introduced to show consciousness of guilt. While the authorities generally confine this type of proof to acts of concealment subsequent to the crime, no good reason is advanced for not permitting acts of concealment of identity, such as by false registration, immediately before the crime. And authority exists for the introduction of such testimony. State v. Miller, 164 Wash. 441, 2 P.2d 738, 741 (1939); Mendolia v. State, 192 Tenn. 656, 241 S.W.2d 606, 612 (1959); 22A C.J.S. Criminal Law § 625 et seq., particularly, Section 627 and cases cited in n. 44 at 472. Moreover, the admission of such evidence was not materially prejudicial.

Sixth, and finally, defendant excepts to the Court's refusal to grant a mistrial because the Assistant United States Attorney in his summation stated to the jury that a Grand Jury of twelve had previously considered the evidence and rendered an indictment. The remark was decidedly improper but the Court immediately interrupted the United States Attorney's summation, stated to the jury that the remark was improper and that they should completely disregard it. In its charge, the Court again stated that the jury should draw no inference of guilt whatever from the fact that a Grand Jury had returned an indictment against the defendant. The facts of United States v. Gambert, 410 F.2d 383 (4th Cir. 1969) distinguish it from the instant issue.

The motion of acquittal is granted as to defendant, Lejioux, and the motions for acquittal and for a new trial are denied as to defendant, Sutton.