718 P.2d 1270

STATE of Idaho, Plaintiff-Respondent,

v.

Carl Joseph VINTON,
Defendant-Appellant.

STATE of Idaho, Plaintiff-Respondent,

v.

Marion VINTON, Defendant-Appellant.

Nos. 15517, 15518.

Court of Appeals of Idaho.

May 7, 1986.

Petition for Review Denied
June 18, 1986.

Dan J. Rude, Coeur d'Alene, for defendants-appellants.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen., and Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

ON PETITION FOR REHEARING

This opinion supersedes our prior opinion issued October 25, 1985, which is hereby withdrawn.

McFADDEN, Judge Pro Tem.

Carl and Marion Vinton, husband and wife, were tried by a jury and convicted of "manufacturing" marijuana in violation of I.C. § 37–2732(a)(1)(B).[1] Carl Vinton was sentenced to an indeterminate term of three years and fined $2,500. However, the court retained jurisdiction for 120 days so Mr. Vinton could be evaluated for probation candidacy. Marion Vinton was sentenced to an indeterminate term of two years and fined $2,500. Her sentence was suspended, and she was placed directly on supervised probation. On appeal, the Vintons assert that the evidence presented at trial was not sufficient for the jury to have found them guilty of growing marijuana. We hold that the evidence was not sufficient and therefore reverse the convictions.

Acting pursuant to a search warrant, law enforcement officers conducted a search of the defendants' residence and surrounding property on August 26, 1983. During the

---

1.  I.C. § 37–2732(a)(1)(B) provides in part:
    [I]t is unlawful for any person to manufacture or deliver or possess with intent to manufacture or deliver, a controlled substance.
    (1) Any person who violates this subsection with respect to:

(B) any other controlled substance which is a nonnarcotic drug classified in schedule I [which includes marijuana] ... is guilty of a felony and upon conviction may be imprisoned for not more than five (5) years, fined not more than fifteen thousand dollars ($15,-000), or both.

search the officers found four marijuana plants growing in containers in a corral area approximately fifty feet from the defendants' residence. They also found a plot of 56 marijuana plants growing approximately fifty yards northeast of the defendants' house. Approximately 300 yards northwest of the residence, the officers located an additional plot of 108 marijuana plants growing in a wooded area. Testimony indicated that both of these plots were found after the officers crossed fences. The testimony was confusing as to who actually owned the land where the 56 and the 108 plants were found. However, there was uncontested evidence that Mr. and Mrs. Vinton were joint owners of at least the property where the house and corral were located.

Additional evidence was presented showing that paths led from the curtilage of the defendants' house to the plots of marijuana. The officers also discovered a "bong" pipe in a wood stove in the defendants' house and another pipe in the dresser in the defendants' bedroom. In a small cabin approximately twenty-five feet from the defendants' residence, the officers found another "bong" pipe and marijuana plants being dried.

Appellate review of the sufficiency of the evidence is limited in scope. A judgment of conviction, entered upon a jury verdict, will not be set aside where there is substantial evidence upon which any rational trier of fact could have found beyond a reasonable doubt the essential elements of the crime. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Filson*, 101 Idaho 381, 386, 613 P.2d 938, 943 (1980). "[W]e are precluded from substituting our judgment for that of the jury as to the credibility of witnesses, the weight of the testimony, and the reasonable inferences to be drawn from the evidence." *State v. Campbell*, 104 Idaho 705, 718–19, 662 P.2d 1149, 1162–63 (Ct. App.1983). Accordingly, we view the evi-

dence in the light most favorable to the respondent. *State v. Fenley*, 103 Idaho 199, 203, 646 P.2d 441, 445 (Ct.App.1982).

The defendants base their appeal on two theories: (1) that there was no direct evidence linking the defendants to the marijuana; and (2) there was insufficient evidence to convict them of manufacturing. A review of the evidence indicates that both the defendants owned the realty where the corral was located. The two larger plots of marijuana, if not actually on the defendants' realty, were close enough to be immediately accessible. Buckets of a manure and water mixture similar to that found on many of the plants were found at the defendants' residence. Also, there were paths in the vicinity of the defendants' residence leading from the defendants' property to both of the larger plots of marijuana.

■ To obtain convictions of manufacturing marijuana the state had the burden of proving beyond a reasonable doubt that each of the defendants had cultivated, or had aided and abetted in cultivating, the marijuana.[2] Testimony of the senior criminal investigator indicated that the four plants in the corral were growing in containers and had been "groomed" to be more productive. He testified that it appeared that many of the plants in the plots of 56 and 108 plants had been watered and fertilized with a horse manure mixture or compost. The officer also noted that these plants had been planted in loosely packed soil that would absorb water more readily, and that the plants were well camouflaged, yet situated to receive a lot of sunlight. Another officer testified that some plants in the group of 56 had been boxed in with poles and that the area at the base of the plants had been cleared of weeds. Still other plants in the group of 108 had small, coded tags attached to them as if to identify certain plants. The evidence was clear that the marijuana was cultivated and not

2. The defendants were charged in separate informations, but were tried together.

wild. Viewing the evidence in light most favorable to the state, the evidence did tie the defendants *as a couple* to the cultivation of the marijuana.

However, the evidence suffers a glaring deficiency that demands a reversal of the convictions. That deficiency is that the evidence fails to tie the defendants *as individuals* in with the commission of the crime. As indicated in *Delgado v. United States,* 327 F.2d 641, 642 (9th Cir.1964), "[I]t is fundamental to our system of criminal law that guilt is individual." *See also United States v. Reese,* 775 F.2d 1066 (9th Cir.1985); *United States v. Sutton,* 312 F.Supp. 969 (D.Ariz.1970). The evidence ties the defendants collectively to the marijuana and to the place where it was discovered. However, the evidence does not connect either of them as individuals to the "cultivating or manufacturing" of that marijuana. These convictions were obtained solely on circumstantial evidence. The most favorable inference that reasonably can be drawn for the state is that the husband or the wife or the couple was responsible for growing the marijuana. However, whether one was guilty and the other innocent cannot be ascertained from the evidence. We refuse to align ourselves with a "guilt by association" type of reasoning, nor to elevate passive joint ownership of land to active participation in a crime.

We readily acknowledge the perplexing problems created in joint ownership or occupancy cases, particularly where, as here, the joint owners or occupants are husband and wife. Such cases require careful police investigation before prosecution. There must be substantial evidence, either direct or circumstantial, that establishes the guilt of each defendant as an individual rather than the collective guilt of two or more persons. In some cases, each of the parties may be guilty. However, the state has the burden of proving so. Here, the state's evidence established the existence of cultivated marijuana and the status of the Vintons as joint owners of the property where some of the marijuana was found. That, in our view, does not constitute substantial evidence to uphold the conviction of either defendant individually.

Accordingly, the judgments of conviction are reversed.

BURNETT, J., concurs.

SWANSTROM, J., concurs in the result.