730 P.2d 1028

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Donald P. & Christine JUSSAUME,
Defendants-Appellants.**

**No. 16443.**

Court of Appeals of Idaho.

Dec. 11, 1986.

Alan E. Trimming, Ada County Public Defender and Amil N. Myshin, Jr., Deputy Public Defender, Boise, for defendants-appellants.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., and David R. Minert, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

A jury found Don Jussaume guilty of first degree arson (I.C. § 18–801) and of filing false information in support of an insurance claim (I.C. § 41–1325) in connection with a fire in a mobile home where he lived. His wife, Christine, was also found guilty of filing false information in connection with the same fire. Don Jussaume received an indeterminate four-year sentence for the arson. Orders withholding judgment and granting probation to the Jussaumes were entered in respect to the two charges of filing false information. On appeal, the Jussaumes contend there was not sufficient evidence to support the verdicts. We affirm.

On review of the question of sufficiency of evidence to support a verdict, we have explained:

> Appellate review of the sufficiency of the evidence is limited in scope. A judgment of conviction, entered upon a jury verdict, will not be set aside where there is substantial evidence upon which any rational trier of fact could have found beyond a reasonable doubt the essential elements of the crime. "[W]e are precluded from substituting our judgment for that of the jury as to the credibility of witnesses, the weight of the testimony, and the reasonable inferences to be drawn from the evidence." Accordingly, we view the evidence in the light most favorable to the respondent. [Citations omitted.]

*State v. Vinton*, 110 Idaho 832, 718 P.2d 1270 (Ct.App.1986).

## I

In June, 1985, the mobile home where the Jussaumes were living was partially destroyed by fire. The Jussaumes, who had obtained insurance coverage for their property about three months before the fire, inventoried their losses and filed a claim with their insurance company. However, after an investigation, the insurance company determined that the fire had been the result of arson. The instant prosecution ensued.

In regard to the arson charge, two questions were in issue during the trial: first, whether the fire was caused by arson, and second, whether Don Jussaume was the perpetrator. In respect to the first question, an expert witness who investigated the fire testified that the fire was definitely the result of arson and was not the result of an accident. The investigator testified about several details, such as the presence of a flammable liquid in the area where the fire started, to support his conclusion about arson. He outlined the elimination of all reasonable accidental causes for the fire, concluding there was "absolutely no possibility whatsoever" that the fire could have been accidental.

The second question was whether the fire had been started by Don Jussaume or by another person—a friend of the Jussaumes. Don Jussaume and the friend both testified that they were at Jussaumes' home just prior to the fire. The friend testified that as he and Jussaume got ready to leave on their motorcycles, Jussaume went inside the residence for a short while. When they returned some hours later, Jussaume discovered that his mobile home had burned. Jussaume, to the contrary, testified that it was the friend who went inside the home as they prepared to leave. According to Jussaume, the friend later told him that he had started the fire and that he wanted $1000 from Jussaume for doing so. Jussaume, however, told this story to the police only after first denying any knowledge of how the fire started. The police subsequently arranged to record a phone call between Jussaume and the friend in order to elicit incriminating statements from the friend. However, when given the opportunity, Jussaume did not ask the questions of his friend that the police had told Jussaume to ask. In the phone conversation, when Jussaume asked the friend about the $1000, his friend did not seem to know what Jussaume was referring to. The police testified that they had concluded the friend was not involved in the fire.

■ Other testimony indicated the Jussaumes were having financial problems, and that the Jussaumes had taken out the insurance approximately three months before the fire. A witness also testified that Don Jussaume had made comments before the fire about burning down his home to collect insurance, although at the time, the witness considered the statements to have been made jokingly. Another witness testified that Christine Jussaume also had made comments about her fears that Don might burn their mobile home to collect the insurance. Additionally, through Christine's sister, the state established that Don Jussaume was aware that the sister recently had collected insurance for an electrical fire in her own mobile home. Having reviewed the evidence in this case, we conclude that it was substantial and sufficient to allow the jury to reasonably infer, and to find beyond a reasonable doubt, that the fire was likely to have been the result of arson and that Don Jussaume was the perpetrator.

## II

We turn next to the evidence supporting the verdicts for filing false information. The Jussaumes stated at trial that they had been told by an insurance claims representative to inventory their goods and to indicate what it would cost to replace the lost or damaged property. The Jussaumes contend that they thought this meant they were to determine the price of new items to replace all their damaged goods. However, the claims representative testified he had explained to them that the coverage under their policy did not include reimbursement

for the actual cost of replacing all their damaged goods, but rather was based on an "actual cash value" determination of their loss. The claims representative testified that he had explained the meaning of "actual cash value" to Don Jussaume at the beginning of their dealings concerning the fire. The claims representative testified that he also explained about payment for smoke-damaged items that could be cleaned.

The testimony of one of the insurance investigators, however, indicated substantial discrepancies between the list of damaged goods submitted by the Jussaumes and the damaged items he found in the Jussaumes' residence. The investigator pointed out discrepancies such as two watches which were, in his opinion, overvalued and apparently undamaged by the fire or by smoke; a coat listed as a $295 leather coat, but which was apparently over-priced and possibly not real leather; substantial quantities of bedding that could not be found; approximately $25 worth of toys that had been valued at over $300; a stereo cabinet with a listed value of $700 that had been purchased from a friend of the Jussaumes for $10; items on the list for which a claim had been made but which were, in the investigator's opinion, not damaged at all; and other items that simply could not be found. The investigator, who was experienced in assessing the value of second-hand goods, testified that the value of the goods in the mobile home was, at the maximum, $1000, and that they were not worth the $20,000 sought by the Jussaumes in their insurance claim.

 The Jussaumes insist that they were told they were entitled to reimbursement for the cost of replacing their goods with new items. Thus, they submitted a claim for the actual costs of replacing the goods. The claim representative's testimony, however, contradicted that position. Undoubtedly, the credibility of the witnesses played an important, if not deciding, role in the jury's decision. However, as noted, we do not substitute our judgment for that of the jury if the evidence, construed in favor of the respondent, would allow the jury to find beyond a reasonable doubt the essential elements of the crime. We conclude that the record does contain substantial and competent evidence to support the verdicts of the jury.

The judgment of conviction for arson, and the orders withholding judgment on the charges of filing false information on an insurance claim, are affirmed.

BURNETT and SWANSTROM, JJ., concur.