735 P.2d 1087

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Brenda Sue GARZA, Defendant-Appellant.**

No. 15773.

Court of Appeals of Idaho.

April 2, 1987.

Petition for Review Granted June 8, 1987.

William J. Tway of Tway and Tway of Boise for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

On the basis of evidence seized from her home pursuant to a search warrant, Brenda Garza was convicted of possession of more than three ounces of marijuana and of possession of marijuana with the intent to deliver. She appeals, contending that (1) the search warrant was issued without probable cause, (2) the evidence at trial failed to prove beyond a reasonable doubt either her knowledge and control of the marijuana or her intent to distribute it, and (3) both charged offenses arose from the single act of possession, making the dual conviction improper under I.C. § 18–301. Because we find the second issue dispositive of the case, we do not address the first and third issues. The judgment of conviction is reversed.

In early January, 1984, Officer Dexter of the Cassia County Sheriff's Department received information from the Las Vegas Metropolitan Police Department concerning a possible controlled substance delivery from Las Vegas, Nevada, to Rupert, Idaho. An investigation began of Rupert individuals. Addresses and telephone numbers were compared with information obtained from a pen register used by the Las Vegas

police. The officers determined that long distance telephone calls frequently occurred between the Garza home in Rupert and an individual in Las Vegas who was involved in the sale and distribution of controlled substances. This information was verified by the Las Vegas police through a confidential informant.

On January 26, Officer Dexter learned that the informant had overheard a telephone conversation detailing the delivery of ten to fifteen pounds of marijuana to the Garza home in Rupert. Later that day, the police observed an unusual increase in vehicles stopping at the Garza home for short periods of time. Two days later, the Las Vegas police contacted Officer Dexter with fresh information received from the informant. In this call Dexter was told that the Garzas were having difficulty distributing the marijuana from the shipment, indicating that some of the substance remained on the premises. The Las Vegas police also indicated that the arrest of the Las Vegas contact was imminent and could result in the disposal of any controlled substances remaining at the Garza home.

Officer Dexter obtained a search warrant and, on January 30, conducted a search of the Garza home. Three rooms of the house yielded evidence. In the master bedroom on the second floor the officers found a sack of marijuana stems on the floor between the dresser and the baby crib, and a package of marijuana seeds in the top of the closet. In another room on the second floor they found a brown suitcase under the bed containing one cellophane bag of marijuana and seven individually packaged plastic bags of marijuana each weighing between 392 and 471 grams, a blue suitcase under the bed containing a "seal-a-meal," a triple beam scale located on a sewing machine cabinet, and a bank bag containing records and money order receipts. Finally, a closet in a first floor room revealed a sack containing three individual freezer bags of marijuana. Brenda and her husband Paul were later arrested and charged with possession of more than three ounces of marijuana and possession of a controlled substance with the intent to deliver. The two individuals were tried separately. The records and money order receipts were ultimately stricken from the evidence in Brenda's trial. The jury found Brenda guilty on both counts. The judge conditionally dismissed the conviction for possession of more than three ounces of marijuana but sentenced her to five years probation and a fine on the charge of possession with intent to deliver.[1] She appeals, seeking reversal of both convictions.

The first issue concerns the validity of the search warrant. Brenda argues that the warrant was invalid because it was issued without probable cause. We discuss this issue in the companion appeal brought by Paul Garza in *State v. Garza*, 112 Idaho 778, 735 P.2d 1089 (Ct.App.1987), where we uphold the validity of the warrant. However, as noted above, this issue is not dispositive in Brenda's case. Accordingly, we will move to her second issue.

Brenda contends that the state's evidence was insufficient to prove her possession of the marijuana. The scope of our review of the sufficiency of the evidence is strictly limited. If there is substantial, competent evidence from which a rational trier of fact could find beyond a reasonable doubt the essential elements of the crime, we will not disturb the conviction. *State v. Vinton*, 110 Idaho 832, 718 P.2d 1270 (Ct.App.1986). We may not substitute our judgment for the jury's in assessing witness credibility, apportioning weight to the testimony, and drawing inferences from the evidence. *State v. Jussaume*, 112 Idaho 108, 730 P.2d 1028 (Ct.App.1986). Therefore, in an appeal from an accused's

1. The district court held that the same acts on the part of the defendant were the basis for the conviction of each crime. The court concluded that Idaho's "double jeopardy" statute, I.C. § 18–301, prohibited conviction and punishment for both counts. The court therefore agreed to vacate the conviction on the first count if no timely appeal was taken from the conviction for possession with intent to deliver. If an appeal was taken the conviction on the first count would be vacated only if the conviction on the second count was affirmed on appeal.

conviction, we view the evidence most favorably toward the state. *Id.*

 Possession of a controlled substance may be either actual or constructive. *State v. Warden,* 97 Idaho 752, 554 P.2d 684 (1976). Where, as here, the question is one of constructive possession, the state must prove that the defendant had both knowledge and control of the drugs. *State v. Greene,* 100 Idaho 464, 600 P.2d 140 (1979); *State v. Warden, supra; State v. Vinton, supra.* "[W]here ... defendant is in non-exclusive possession of the premises upon which drugs were found there can be no legitimate inference that he knew of the drugs and had control of them in the absence of other circumstances such as incriminating statements which tend to support such inference." *State v. Warden,* 97 Idaho at 754, 554 P.2d at 686; *accord, State v. Vinton, supra; State v. Fox,* 709 P.2d 316 (Utah 1985). *See also* Annotation, *Conviction of Possession of Illicit Drugs Found in Premises of Which Defendant was in Nonexclusive Possession,* 56 A.L. R.3d 948 (1974). Further, "[t]here must be substantial evidence, either direct or circumstantial, that establishes the guilt of [a] defendant as an individual rather than the collective guilt of two or more persons." *State v. Vinton,* 110 Idaho at 834, 718 P.2d at 1272; *see also State v. Fox, supra.* The state established that Brenda and her husband had joint possessory interest in the property which yielded the marijuana. The record supports a reasonable inference that both Brenda and her husband had full access to the areas in which the marijuana was concealed. It can be inferred also that both spouses had knowledge of the contraband. Further, the evidence is sufficient to show that at least one of the couple had control of the marijuana. However, the state failed to adduce sufficient evidence of circumstances supporting the inference that Brenda *individually exercised control over* the marijuana. The state's attempt to establish this link was undermined when certain evidence was stricken. The remaining evidence merely places Brenda in close proximity to the marijuana. Mere proximity cannot establish constructive possession. *C.f. State v. Warden, supra; State v. Fox, supra.*

We find that the evidence was insufficient to allow a jury to find beyond a reasonable doubt that Brenda had constructive possession of the marijuana. Consequently, the convictions in her case cannot be sustained. Because the issue of constructive possession is dispositive of this appeal, we do not reach the other issues raised by Brenda.

The judgment of conviction is reversed.

WALTERS, C.J., and BURNETT, J., concur.