744 P.2d 116

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Theresa Kay ROY, Defendant-Appellant.**

No. 16655.

Court of Appeals of Idaho.

July 31, 1987.

---

6. *Higginson v. Westergard,* 100 Idaho 687, 690, 604 P.2d 51, 54 (1979) (Donaldson, J.).

Kent J. Merica, Lewiston, for defendant-appellant.

Jim Jones, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

In 1985, Theresa Roy pled guilty to a felony charge of possessing a controlled substance. *See* I.C. § 37–2732(c)(1). The sentencing judge withheld judgment and placed Roy on probation for a period of five years. One year later, Roy appeared before the same judge on a charge of violating the terms of her probation by using or possessing a controlled substance, namely marijuana. Following a hearing, the court entered a judgment of conviction on the original charge and revoked Roy's probation. *See* former I.C. § 20–222. The court sentenced Roy to five years in the custody

of the Board of Correction, but commuted the sentence to one year in the county jail. We are asked to examine the sufficiency of the evidence showing a violation of probation and to review the judge's decision revoking probation. We hold that substantial, competent evidence supported the judgment and that the judge did not abuse his discretion in revoking probation. Therefore, we affirm.

The facts may be briefly stated. In May of 1985, Roy was charged with delivery of a controlled substance, cocaine. *See* I.C. § 37–2732(a)(1)(A). At her arraignment, she pled guilty to the lesser charge of possessing a narcotic drug. As noted, judgment was withheld and Roy was placed on probation. The sentencing judge stated that only Roy's pregnant condition kept her from being incarcerated. The judge warned Roy, "[I]f you disobey the rules [of probation] you will be returned to court, and rest assured, if the State proves you disobeyed them, you will be sentenced."

On February 26, 1986, Roy's residence was searched pursuant to a warrant. Items discovered and seized in Roy's bedroom were: a bag containing less than one ounce of marijuana found under a stack of clothes in Roy's closet, another one-ounce bag of marijuana from a drawer under Roy's bed, a triple-beam balance scale and associated marijuana residue on a sewing cabinet, and a "reloading" scale located in a shoe box stored on a headboard shelf. In the kitchen the officers discovered a bag of marijuana on a counter and another in a cabinet with glass doors. Additional controlled substances and paraphernalia were found in the bedrooms of one of Roy's sons and of a boarder. One officer testified he observed other paraphernalia, including roach clips and rolling papers, upon a living room table. However, these were not seized. Roy, her son, the boarder and a half-dozen neighborhood children were present during the search. Subsequently, Roy was charged with having violated a provision of her probation agreement which reads, in part: "CONTROLLED SUBSTANCES: I shall not use or possess any controlled substances unless lawfully prescribed by a licensed physician."

Before probation may be revoked, due process requires a hearing. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *State v. Bingham*, 107 Idaho 501, 690 P.2d 956 (Ct.App.1984); *see also* I.C.R. 33(e); *State v. Edelblute*, 91 Idaho 469, 424 P.2d 739 (1967); *Gawron v. Roberts*, 113 Idaho 330, 743 P.2d 983 (Ct. App. 1987). However, proof of a probation violation beyond a reasonable doubt is not required. *State v. Edelblute, supra; State v. Bingham, supra.* Here, both parties agreed to a preponderance-of-the-evidence burden of proof. Accordingly, we need not decide whether any different standard is appropriate.

At the probation violation hearing Roy contended that she neither possessed nor used the substances in question. Her son testified that the marijuana found in Roy's bedroom belonged to him and had been concealed in his mother's room without her knowledge. He stated that he took this action as a precaution against theft from his room. He and Roy testified that the marijuana found in the kitchen was removed from his person and placed on the counter by an officer during a pat-down search. Roy and her son suggested that the roach clips observed in the living room were decorative only, and that the two scales found in her room were used for a school science project and ammunition reloading. Roy denied that any marijuana residue was present with the scales. Roy and her son testified that, because of her probationary status, she instructed him not to bring controlled substances into the home. The son said that his surreptitious disobedience of this instruction accounted for the presence of controlled substances in the residence.

Apparently the district court found this explanation incredible. The judge stated:

It's inconceivable to me to believe that a person could live in that house under the conditions for the period of time and not be aware that controlled substances

were in the house and being used in the house....

The search indicated there was not really any part of the house that wasn't [sic] free of some evidence of controlled substance, particularly the defendant's bedroom, the residue of marijuana in obvious places. [sic]

....

No, I think the evidence is very substantial that you certainly were aware and condoned the use and possession of controlled substances in your own—or in that house under which you had control.

I am also convinced that you participated, but I am just convinced of that, not based upon anything—I'm not as thoroughly convinced, let's put it that way, on that fact, as I am upon the other facts.

Although the court did not make clear what he meant by "participated," the record is replete with evidence of possession by Roy. Marijuana and items commonly associated with marijuana were found in her bedroom and other rooms which she inhabited. Roy offered explanations for the presence of those items. However, the district judge rejected those explanations particularly as to items in the kitchen and the scale-associated residue in Roy's bedroom. The court also expressed some doubt regarding her lack of knowledge of the marijuana concealed in her bedroom.

An officer conducting the search testified to the presence of the stems in plain view in her bedroom. However, these items were not separately inventoried. The officer who allegedly placed the marijuana in the kitchen did not testify, but another officer stated that he was present near the kitchen throughout the search of the house and that Roy's son was *not* searched until he was removed from the residence. Although the state might have presented a stronger case, both officers were competent to testify to the facts within their personal knowledge.

■ The state need not show that the defendant had actual physical possession of a controlled substance. The state need only prove that the defendant had such dominion or control over it as to establish constructive possession. *State v. Segovia*, 93 Idaho 594, 468 P.2d 660 (1970).

We note that in two somewhat similar cases recently decided by this Court, we concluded that proof of constructive possession of controlled substances by persons jointly occupying property was not sufficient to sustain convictions. *See State v. Brenda Garza*, 112 Idaho 776, 735 P.2d 1087 (Ct.App.1987) (petition for review granted June 8, 1987); *State v. Vinton*, 110 Idaho 832, 718 P.2d 1270 (Ct.App.1986) (petition for review denied). We note briefly that these two cases are distinguishable, both on the facts and on the law. First, in *Garza*, as in *Vinton*, the state's burden was to prove guilt beyond a reasonable doubt. Here, as we have noted, the burden to establish a probation violation was by a preponderance of the evidence. Secondly, in *Vinton* and in *Garza*, the premises were occupied by married adults; the circumstantial evidence offered by the state did not implicate a particular defendant; rather, it tended only to prove that one of the adult members of the household was guilty. Here, Roy owned the home. She was shown to be the sole person having dominion and control of the premises. Incriminating evidence of possession was openly displayed in the house and even in her bedroom. Her defense attempted to shift responsibility for the presence of drugs only to her son. The attempt was unconvincing.

■ The district judge observed the demeanor of the witnesses. The court rejected Roy's explanations. An appellate court will defer to the special opportunity of the trial court to determine the credibility of witnesses. I.R.C.P. 52(a). On the record of this case, we hold that the evidence was sufficient for the sentencing judge to find it was more probably true than not that Roy possessed a controlled substance in violation of the conditions of her probation.

We turn next to Roy's alternative argument. She contends the district court abused its discretion in revoking her proba-

tion. She argues that revocation of probation was unnecessary because she was otherwise complying with the terms of her probation and because incarceration would not serve the purposes announced in *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). Roy contends the appropriate disposition of her case was reinstatement of probation with stricter guidelines. We are not persuaded that failure to reinstate the probation constituted an abuse of discretion.

 After a probation violation has been proven, the decision to revoke probation and pronounce sentence lies within the sound discretion of the trial court. *State v. Bell*, 103 Idaho 255, 646 P.2d 1026 (Ct.App. 1982). In determining whether to revoke probation, evidence of the defendant's conduct before and during probation may be considered. *See State v. Chapman*, 111 Idaho 149, 721 P.2d 1248 (1986). After a sound determination that a probationer cannot perform a fundamental condition of probation, the judge has discretion to remove probation and pronounce sentence. *State v. Oyler*, 92 Idaho 43, 436 P.2d 709 (1968) (in context of alcoholism); *State v. Bell, supra.*

Here, Roy pled guilty to unlawfully possessing a controlled substance. Despite the court's warning to Roy at the original sentencing, she once again became involved with such substances. Having found a violation, the court announced an indeterminate five-year sentence but commuted it to one-year, so the sentence could be served locally in the county jail. *See* I.C. § 19–2601(1). It is clear that the court believed Roy was incapable of complying with the conditions of probation and undeserving of a second chance. We hold that

the court did not abuse its discretion in revoking probation.

 Nor do we find the term of confinement excessive. A term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary goal of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution. *State v. Toohill, supra; see also State v. Tucker*, 103 Idaho 885, 655 P.2d 92 (Ct.App.1982). Where a sentence is within the maximum the appellant must affirmatively demonstrate that the trial court abused its sentencing discretion. *State v. Lopez*, 102 Idaho 692, 638 P.2d 889 (1981).

 We note that the statutory maximum for the crime of possession of a controlled substance, without the added element of intent to deliver, is *three years*. *See* I.C. § 37–2732(c)(1). "[U]nder a conviction or plea of guilty for a felony the period of probation may be for a period of not more than the maximum period for which the defendant might have been imprisoned." I.C. § 19–2601(7). Thus, the five-year period of probation exceeded the maximum under this statute.[1] However, Roy did not appeal from the order of probation. As we have noted, the probation violation occurred well within three years of that order. We therefore deem any error in fixing the probation period to be harmless. *See* I.C.R. 52. Moreover, although the district court initially pronounced a five-year indeterminate term, the court's immediate commutation to a one-year jail sentence nullified this error.[2] Therefore, we evaluate the sentence finally pronounced—one year in the county jail.

 Roy argues that she is no threat to society. While that may be true, deter-

---

1. Arguably, former I.C. § 20–222 authorized a maximum probationary term of five years. Effective July 1, 1986, I.C. § 20–222 was amended so that it now conforms to I.C. § 19–2601(7).

2. Roy was originally charged with delivery of a controlled substance, but pled guilty to the lesser crime of possession. Under the original charge Roy could have received a term of life imprisonment. I.C. § 37–2732(a)(1)(A). When the judge revoked the probation and imposed

the sentence he erred in saying he was finding Roy "guilty of the crime of delivery of a controlled substance." This may be what led the court to pronounce a *five*-year sentence, rather than a *three*-year sentence, as discussed above. However, Roy has not argued that this misstatement is suggestive of unsoundness in the court's reasoning. The error was corrected when the written judgment was issued.

rence, rehabilitation and retribution are also valid goals to be considered in sentencing. *See State v. Toohill, supra.* The court found a period of incarceration necessary to deter Roy and others from continuing this type of activity. Deterrence can be an especially important purpose where the probation violation mirrors the original crime. Accordingly, we conclude that the sentence was not excessive.

The judgment of conviction, order revoking probation, and related sentence are affirmed.

WALTERS, C.J., and BURNETT, J., concur.