687 P.2d 578

The STATE of Idaho,
Plaintiff-Respondent,

v.

Marvin KROMMENHOEK,
Defendant-Appellant.

No. 15321.

Court of Appeals of Idaho.

Aug. 23, 1984.

August H. Cahill, Deputy Public Defender, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Steven W. Berenter, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Marvin Krommenhoek was convicted by a jury of battery and of grand theft of an automobile. He has appealed the judgment of conviction for grand theft, asserting that the evidence presented at trial was insufficient to support the jury's verdict. We affirm the judgment.

The state's evidence showed that Krommenhoek removed a Datsun 240Z from a parking lot at Boise State University without the owners' knowledge or permission. About an hour later, the owners saw Krommenhoek driving the car along a Boise street. They followed Krommenhoek in another vehicle and were able to block his attempt at a left turn, forcing him to stop. One of the owners confronted Krommenhoek, who was still seated in the car. Krommenhoek claimed that the car was his, then suddenly drove the car in reverse. The owner, caught by an open car door, was dragged on the pavement. Krommenhoek escaped.

Subsequently on the same day, Krommenhoek picked up several friends and drove the car to the Robie Creek area northeast of Boise. The car twice became stuck on muddy roads. The excursion end-

ed when Krommenhoek decided to climb a rocky hillside from which he fell, breaking his leg. On Krommenhoek's instruction, the car was driven to a department store parking lot in town. Krommenhoek's friends were apprehended the next day when they attempted to start the car in order to drive it to Krommenhoek's house.

Against this record Krommenhoek contends that the state's evidence was insufficient to establish his "intent to deprive another of property" as required by the grand theft statute, I.C. § 18–2403(1). We disagree. The element of intent need not be shown by direct evidence but may be inferred from circumstantial evidence. *State v. Erwin*, 98 Idaho 736, 572 P.2d 170 (1977); *State v. Gowin*, 97 Idaho 766, 554 P.2d 944 (1976). From the evidence presented, the jury justifiably could infer the requisite intent.

On appeal of a criminal conviction, our review of the sufficiency of the evidence is limited in scope. A judgment of conviction entered upon a jury verdict will not be set aside where there is substantial evidence to support it. *State v. Horn*, 101 Idaho 192, 610 P.2d 551 (1980); *State v. Erwin, supra; State v. Fenley*, 103 Idaho 199, 646 P.2d 441 (Ct.App.1982). We view the evidence, including legitimate inferences, most favorably to the prosecution where the defendant stands convicted. *State v. Cypher*, 92 Idaho 159, 438 P.2d 904 (1968); *State v. Greensweig*, 103 Idaho 50, 644 P.2d 372 (Ct.App.1982). Upon this standard of review, we conclude that the jury's verdict in this case is supported by substantial evidence.

The judgment of conviction is affirmed.