735 P.2d 1070

STATE of Idaho, Plaintiff-Respondent,

v.

Richard HART, Defendant-Appellant.

No. 16465.

Court of Appeals of Idaho.

March 30, 1987.

---

Alan E. Trimming, Ada County Public Defender, Amil Myshin, Deputy, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Michael A. Henderson, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Following a jury trial, Richard Hart was found guilty of grand theft. The district court withheld its judgment of conviction and placed Hart on probation for three years. Hart appeals, asserting that: (1) insufficient evidence existed from which the jury could find that Hart held the requisite intent to permanently deprive the owner of his property; (2) the court's refusal to allow inquiry into a juror's possible bias violated Hart's constitutional right to a fair trial; and (3) the district court erred in denying Hart's motion for a mistrial. For reasons which follow, we affirm the district court order.

Richard Hart, his wife, Teri, and their two children lived with James Day during Teri's employment as Day's live-in housekeeper and aid. Day, a paraplegic, owned several guns, seven of which were kept in a locked gun cabinet. The cabinet was located in Day's exercise room which was locked when not in use. Certain individuals, including Richard Hart, were allowed to borrow the guns on occasion by obtaining the keys from Day before entering the room to take or return a gun. Hart used one of the guns whenever he went hunting or fishing.

On March 29, 1984, Day was admitted to the V.A. Hospital; he remained there until July 19. On April 15, Day's cousin, Elaine Myers, went to Day's house on an errand for him. She was accompanied by her husband, David, and Day's brother and his wife. During their visit, they noticed that the door to the exercise room was open and that six of the seven guns kept in the gun cabinet were missing. When asked where they were, Hart responded that his father, a gunsmith, was cleaning them. David Myers ordered the guns returned by the end of the following day. He reported the disappearance to Day, and when the guns failed to appear Day reported them stolen.

On April 18, the police discovered four of the six missing guns at a local pawn shop. The shop's owner claimed that Hart had pawned two of them. A police hold was placed on all four guns. Hart was subsequently arrested and tried for grand theft.

During the noon recess on the first day of trial, the court received a note from a juror, Owen Pipal. Pipal had recognized the state's first witness, David Myers, as a client of his insurance business, although he had failed to recognize Myers' name during the pretrial voir dire. The court

notified counsel, and Hart immediately moved for a mistrial. Pipal was brought into court for additional examination. He assured the court and counsel that neither his business relationship nor his acquaintance with Myers would influence his decision as a juror. Following a brief voir dire examination, the district court determined that Pipal remained competent to sit on the case and denied Hart's motion for a mistrial. The jury ultimately returned a verdict of guilty. The district court entered a judgment withholding the judgment of conviction but imposed a three-year probationary term.

Hart initially contends that the state's evidence was insufficient to support his conviction for grand theft. A jury verdict will not be disturbed where there is "substantial evidence upon which any rational trier of fact could have found beyond a reasonable doubt the essential elements of the crime." *State v. Jussaume,* 112 Idaho 108, 108, 730 P.2d 1028, 1028 (Ct.App.1986) (quoting *State v. Vinton,* 110 Idaho 832, 833, 718 P.2d 1270, 1271 (Ct.App.1986)). We may not substitute our judgment for that of the jury in apportioning the weight of the testimony, ascertaining the credibility of the witnesses, or drawing reasonable inferences from the evidence. *Id.* Consequently, in an appeal from an accused's conviction, we view the evidence and all legitimate inferences most favorably to the prosecution. *State v. Krommenhoek,* 107 Idaho 188, 687 P.2d 578 (Ct.App.1984).

■ Hart was convicted of grand theft under I.C. §§ 18–2403(1) and 18–2407(1)(b)(6). Section 18–2403(1) defines theft as follows:

A person steals property and commits theft when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof.

Thus, theft requires both a physical act and a criminal intent. Hart's commission of the physical act is beyond dispute; he admitted taking four of the guns. However, Hart argues that there was insufficient evidence from which the jury could find

that he possessed the requisite intent to permanently deprive Day of his guns.

The code defines the intent to deprive as an intent:

(a) [t]o withhold [the property] or cause it to be withheld from [the owner] permanently or for so extended a period or under such circumstances that the major portion of its economic value or benefit is lost to [the owner]; or

(b) [t]o dispose of the property in such manner or under such circumstances as to render it unlikely that an owner will recover such property.

I.C. § 18–2402(3)(a) and (b). Intent may be established through either direct or circumstantial evidence. *State v. Krommenhoek, supra.*

Hart testified that his intent when he took the guns was to pawn them only until he received money his mother had sent him. He claimed that upon receipt of the money on Tuesday, April 17, he had gone to retrieve the guns and return them to the gun cabinet but that the police hold had prevented such action. The state, on the other hand, offered evidence that the police hold was not placed on the property until Wednesday, April 18. Further testimony revealed that Hart discovered the police hold on Wednesday in a conversation with a police officer. From this evidence, the jury could reasonably find that Hart had not returned to the pawn shop to retrieve the guns. Combined with the remaining evidence adduced at trial, the jury could reasonably determine that Hart never intended to voluntarily retrieve the guns. We find substantial evidence exists upon which a jury could find beyond a reasonable doubt that Hart held the requisite criminal intent for grand theft. Hence, on this issue he has not shown any reason to disturb the verdict below.

■ Next, Hart asserts that the district court violated his sixth amendment right to a fair trial by an impartial jury. Specifically, he assigns error in the court's limitation on questioning during the special voir dire examination of Pipal. The goal of voir dire is to assure retention of a fair and impartial jury. To this end, the trial judge

is vested with broad discretion in establishing the boundaries beyond which the voir dire examination will not extend. *State v. Camarillo*, 106 Idaho 310, 678 P.2d 102 (Ct.App.1984); *see also* Idaho Criminal Rule 24(a). The imposition of limitations will not be disturbed absent a manifest abuse of discretion. *State v. Camarillo, supra; State v. Merrifield*, 109 Idaho 11, 704 P.2d 343 (Ct.App.1985). We believe that Hart has not met his burden of proving that abuse.

Hart complains that the court foreclosed all inquiry into Pipal's possible bias. The record indicates otherwise. Both parties had an equal opportunity to examine Pipal. Hart's counsel was permitted to extract Pipal's opinion as to Myers' veracity. The court interceded only when counsel questioned Pipal's knowledge of Myers' reputation for truthfulness in the community. This was not a blanket prohibition, but was related solely to the establishment of bias through Myers' reputation. Hart's counsel was expressly permitted to question Pipal further on a different tack but declined to do so, curtailing his own examination.

The record reveals that the court took appropriate steps to satisfy itself that Pipal was qualified to try the case fairly and without prejudice. No violation of Hart's constitutional rights had been shown. We find no abuse of discretion in the district court's restriction of the scope of Pipal's voir dire examination.

Finally, Hart claims error in the district court's denial of his motion for a mistrial. The standard for review of a trial court's refusal to declare a mistrial in a criminal case is clear. If, after considering the full record and the outcome of the trial, the event precipitating the motion for a mistrial amounts to reversible error, the trial court's denial will be reversed. *State v. Urquhart*, 105 Idaho 92, 665 P.2d 1102 (Ct.App.1983); *State v. Stoddard*, 105 Idaho 169, 667 P.2d 272 (Ct.App.1983). Here, the judge acted within his sound discretion as to the scope of voir dire and our review of the full record discloses no other basis to find that Hart was denied a fair trial. Ac-cordingly, under the *Urquhart* standard, the court did not err in refusing to grant a mistrial.

The order for withheld judgment and probation is affirmed.

BURNETT, J., and McQUADE, J. Pro Tem., concur.