923 P.2d 1001

**STATE of Idaho, Plaintiff–Respondent,**

**v.**

**Lamar H. LARSEN and James C. Carver, Defendants–Appellants.**

**No. 21605.**

Court of Appeals of Idaho.

July 19, 1996.

Petition for Review Denied Oct. 10, 1996.

Lynn, Scott, Hackney & Sullivan, Boise, for appellants. J. Gardiner Hackney, argued.

Alan G. Lance, Attorney General; Jeffrey K. Smith, Special Deputy Attorney General, argued, Boise, for respondent.

LANSING, Judge.

Following a jury trial, Lamar Larsen and James Carver were found guilty of two misdemeanor counts of the sale of obscene matter in violation of Idaho Code § 18–4103. On appeal they contend that they were not permitted sufficient time to conduct jury voir dire. Because we conclude that the trial court did not correctly exercise its discretion in disallowing the defendants' request for additional time to complete voir dire, we vacate the judgments and remand the case for a new trial.

## I.

### FACTS AND PROCEDURAL HISTORY

A police detective entered the "Over 19" store in Garden City and purchased two sexually explicit magazines. Thereafter, two misdemeanor charges of sale or distribution of obscene materials in violation of I.C. § 18–4103 were filed against Larsen, who owned the store, and Carver, the store clerk who made the sale to the detective. Both defendants pleaded not guilty, and a trial was conducted in the magistrate division of the district court.

Several weeks prior to trial, the court announced that it planned to initially voir dire the jury panel based on questions submitted by the parties, that thereafter the attorneys would be allowed to question the jurors, and that the voir dire by counsel would be limited to one hour for each side. Defense counsel objected to this time restraint. Later, at a pretrial conference, defense counsel again objected to the one-hour limit and asked instead for half a day to examine the jury. This request was denied. At trial, the court conducted voir dire of the jury panel in accordance with the previously announced plan, after which several jurors were excused for cause. Counsel for the parties then conducted their individual voir dire of a "struck jury" panel[1] of fourteen potential jurors. The prosecutor completed his voir dire examination within the one-hour time frame. Defense counsel, however, had examined only eleven of the fourteen panel members when the court informed him that only five minutes remained. Defense counsel used the remaining time to conduct voir dire of panel member number 14, leaving two potential jurors unexamined. He then requested additional time to complete his voir dire. In response, the court turned to the prosecutor and asked, "Counsel, do you have any waiver of the time at this time, or do you want to stand by the

---

1. See Idaho Criminal Rule 24(d).

one hour: I'll leave it up to you." Upon the prosecutor's response that he would "stand by the one hour," the court denied defense counsel's request for extra time, stating "Okay, that's the time." Defense counsel questioned whether it was on the record that "he [the prosecutor] made his choice?" The court answered that it was. A six-member jury was empaneled that included a member who had not been individually examined by the defense.

Larsen and Carver were found guilty by the jury. A judgment of conviction was entered against Larsen, and he was sentenced to a term in jail. The court withheld judgment as to Carter and placed him on probation. The defendants appealed to the district court, which affirmed the actions of the magistrate.

On further appeal, Larsen and Carver assert that the trial court erred in ruling upon the defendants' request for additional time to voir dire the jury. Specifically, they contend that the trial court abused its discretion because it did not render its own decision as to whether good cause existed for an extension of the time limit but, rather, delegated that decision to the prosecutor. We find this issue dispositive, and therefore we do not address another issue raised by the appellants, the sufficiency of the evidence to support the verdict.

## II.

## ANALYSIS

■ Idaho Criminal Rule 24(a) outlines the proper procedure for examining prospective jurors. It provides in part:

The voir dire examination shall be under the supervision of the court and subject to such limitations as the court may prescribe in the furtherance of justice and the expeditious disposition of the case.

Thus, the trial court possesses authority to reasonably restrict voir dire. As stated in *State v. Camarillo*, 106 Idaho 310, 312, 678 P.2d 102, 104 (Ct.App.1984), "placing limits beyond which the voir dire examination may not properly go is a matter which rests in the sound discretion of the trial court." *See also State v. Hart*, 112 Idaho 759, 761–62, 735

P.2d 1070, 1072–73 (Ct.App.1987); *State v. Merrifield*, 109 Idaho 11, 16, 704 P.2d 343, 348 (Ct.App.1985). On the other hand, it is also well settled in Idaho that "wide latitude is allowed counsel in the examination of potential jurors on voir dire to afford counsel information which might enable the attorney to more intelligently exercise challenges, either for cause or peremptorily." *Camarillo*, 106 Idaho at 312, 678 P.2d at 104. *See also State v. Hoagland*, 39 Idaho 405, 418, 228 P. 314, 318 (1924).

■ A multitude of factors may bear upon a court's determination of what restrictions to place upon voir dire examination in a particular case. As the district court succinctly stated in its appellate decision from which this appeal is taken:

With the advent of the struck system of jury selection, many Idaho trial judges have used reasonable time limits on attorney voir dire as one means of efficiently and fairly managing the conduct of trials.

. . . .

Every case must be judged on its own facts, and the appropriate length for voir dire may depend on many factors, including the number of potential jurors to be questioned, the number of jurors to be selected, the number of peremptory challenges to be made, the complexity of the case, the seriousness of the charge or charges, the number of charges to be tried, the number of defendants to be tried, any special factors that might influence potential jurors, and the nature and extent of the judge's voir dire.

■ In the instant case, additional complexities affected the parties' voir dire needs because a question of the obscenity of expressive materials was at issue. Obscenity cases present a unique task for jurors, and therefore a unique challenge for the court and parties conducting voir dire. In most criminal cases, jurors decide only what evidence to accept or reject and whether the accepted evidence proves beyond a reasonable doubt that the defendant, with the requisite state of mind, engaged in specific alleged acts. In obscenity cases,

however, jurors not only decide what were the defendant's actions and state of mind; they participate in deciding what conduct is to be deemed criminal, for they must determine whether a particular item is "obscene" and therefore within the purview of criminal laws.

In *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), the United States Supreme Court set out a three-part test to evaluate whether a work is obscene and consequently outside the scope of First Amendment protection. This test calls upon jurors to decide (a) whether the average person, applying contemporary community standards would find that the work, taken as a whole, appeals to the prurient interest; (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value. *Id.* at 24, 93 S.Ct. at 2615. *See also* I.C. § 18–4101. In applying this test, a juror is "to draw on his own knowledge of the views of the average person in the community or vicinage from which he comes for making the required determination...." *Hamling v. United States*, 418 U.S. 87, 104, 94 S.Ct. 2887, 2901, 41 L.Ed.2d 590 (1974). The community standard may not be defined legislatively, but must be determined by jurors in accordance with their understanding of the tolerance of the average person in their community. *Smith v. United States*, 431 U.S. 291, 302–05, 97 S.Ct. 1756, 1764–66, 52 L.Ed.2d 324 (1977). Because potential jurors in obscenity cases must evaluate expressive materials to determine if they are obscene, and in so doing must apply community standards that the jurors themselves define, rather than relying upon a standard delineated by the legislature or the court, jury voir dire takes on a dimension that is absent in other criminal cases.

Commendably, the magistrate here recognized that the nature of the case created a need for atypical voir dire, including inquiry into areas that could be sensitive to some members of the jury panel. He removed from counsel some of the burden of such examination, and the possible consequent ju-ror resentment, by conducting extensive voir dire himself, based upon questions submitted by the parties. In the interest of efficient use of time, the magistrate also limited the duration of each parties' examination of the jury panel, a decision which spawned this appeal.

The appellants in this case do not question that a time limit may properly be placed upon a party's voir dire. Rather, the question here presented is whether, when the defendants had not completed their voir dire examination within one hour, the trial court's method of deciding whether to modify its previously imposed time limit constituted an abuse of discretion.

In reviewing a trial court's decision for an abuse of discretion, our appellate courts make a three-part inquiry: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the court acted within the outer boundaries of that discretion and consistently with any applicable legal standards; and (3) whether the court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989); *Associates Northwest, Inc. v. Beets*, 112 Idaho 603, 605, 733 P.2d 824, 826 (Ct.App.1987). We must apply this test to the trial court decision that is at issue here.

When counsel for Larsen and Carver requested an extension of the one-hour limit in order to question the two remaining panel members, the trial court no doubt recognized that the decision to be made was a discretionary one. The first prong of the *Hedger* test is therefore satisfied. However, on the record before us we conclude that the court did not act consistently with applicable legal standards or reach its decision by an exercise of reason. The court turned to the prosecutor, asked whether the prosecutor would waive the time limitation, and said, "I'll leave it up to you," thereby transferring control of the decision to the prosecutor. When a court receives a request from one party it is appropriate, of course, for the court to solicit the position of the opponent before making a decision. Whether an opponent has given consent is a legitimate consideration, but

here it appears to have been made the controlling factor, which is not appropriate.

 A decision as to what limits ought reasonably to be placed upon jury voir dire, and whether previously imposed limits should be relaxed in light of circumstances that have developed during the course of the proceedings, calls for the trial court to weigh all of the factors affecting the legitimate, sometimes conflicting, needs of the parties for time or latitude and the need of the court for efficiency and economy. In the case before us, it was within the purview of the trial court, not the prosecutor, to determine whether the defendant had demonstrated good cause for an extension of time, whether continued examination of potential jurors was needed to enable defense counsel to intelligently exercise challenges, and whether a fair trial could be provided without the requested extension. Because the record indicates that the trial court did not go through this reasoning process, but allowed the decision to be made by the prosecutor, we are constrained to conclude that an abuse of discretion occurred.

Accordingly, the judgments of conviction are hereby vacated and this case is remanded for further proceedings.

WALTERS, C.J., and PERRY, J., concur.