977 P.2d 899

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Lynn D. SEVERANCE, Defendant–
Appellant.**

No. 24459

Court of Appeals of Idaho.

March 2, 1999.

Review Denied May 18, 1999.

Wm. J. Brauner, P.A., Caldwell, for appellant.

Hon. Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for respondent. Myrna A.I. Stahman argued.

LANSING, Chief Judge.

Lynn D. Severance appeals his judgment of conviction for driving under the influence of alcohol (DUI). He asserts errors in the voir dire of jurors for his trial. Although we conclude that improper voir dire occurred,

we deem the error to be harmless and therefore do not disturb the judgment.

Severance was charged with misdemeanor DUI, Idaho Code § 18–8004(1)(a), –8005, and his case was tried to a jury. During jury selection in the magistrate division, the prosecuting attorney asked the potential jurors whether any of them had "heard about some talk recently" about lowering the legal blood alcohol concentration (BAC) limit for a DUI offense in Idaho. Defense counsel objected to this inquiry on the basis that it was speculative. The court responded that, "[W]e need to keep the questioning so that it's pertinent to this particular trial and this particular charge." The prosecutor indicated agreement, but then asked the entire jury panel for a show of hands as to "who would support a reduction in the law from .10 to .08." [1] Defense counsel did not object to this question.

Later, after questioning several prospective jurors, the prosecutor asked a member of the jury panel whether he would support lowering the BAC limit. Defense counsel objected to this question. The court responded, "Well, I think he can continue to inquire generally about their feelings about DUIs and I think that's what he's doing, so I'm going to overrule the objection." The venireperson then responded that he would favor lowering the BAC limit for younger drivers to 0.05, but "would leave the rest of it alone." That individual served on the jury, which eventually found Severance guilty.

The magistrate issued an order withholding judgment and placing Severance on probation. Severance appealed to the district court, asserting error in the jury voir dire. The district court affirmed the magistrate's order, however, and Severance further appeals to this Court.

We first address the challenge to the prosecutor's question as to who among the jurors had "heard about some talk recently" about lowering the legal BAC limit for DUI offenses. Defense counsel objected to the question. The magistrate's ruling on the objection is ambiguous, but it appears to be a ruling in the defendant's favor. If the prose-

cutor had heeded the magistrate's admonishment to "keep the questioning so that it's pertinent to this particular trial," this line of inquiry would have ended. We fail to see how Severance was prejudiced by the magistrate's response to his objection. While the magistrate did not expressly sustain the objection, she did caution the prosecuting attorney to limit the scope of his questions to the case at hand.

■ Despite the magistrate's admonition, the prosecutor proceeded to ask for a show of hands from potential jurors as to who supported a change in the law. On appeal, Severance predicates error on this follow-up question from the prosecutor even though he voiced no objection to this second question at trial. Generally, the failure to object at trial waives an issue for appellate review. *State v. Lewis,* 126 Idaho 77, 79–81, 878 P.2d 776, 778–80 (1994); *State v. Drennon,* 126 Idaho 346, 349, 883 P.2d 704, 707 (Ct.App.1994); *State v. Reynolds,* 120 Idaho 445, 448, 816 P.2d 1002, 1005 (Ct.App.1991). However, in this case, the prosecutor later asked essentially the same question of an individual venireperson, and defense counsel then registered an objection which was overruled by the magistrate. Because of this objection made the second time the prosecutor asked the question, we will address the propriety of the prosecutor's questioning prospective jurors about their attitudes toward lowering the legal BAC limit.

■ The goal of voir dire is to assure retention of a fair and impartial jury. *State v. Hart,* 112 Idaho 759, 761, 735 P.2d 1070, 1072 (Ct.App.1987). Attorneys are given wide latitude in asking questions to determine whether there are grounds to challenge a juror, either for cause or peremptorily. *State v. McKeehan,* 91 Idaho 808, 819, 430 P.2d 886, 897 (1967); *State v. Camarillo,* 106 Idaho 310, 312, 678 P.2d 102, 104 (Ct.App. 1984). However, the questions must be designed to address the venirepersons' qualifications to sit as jurors. Idaho Criminal Rule 24(a) specifies that "[a]ny question propounded by an attorney to a prospective juror

---

1. At the time of Severance's offense, I.C. § 18–8004(1)(a) made it unlawful for anyone with a BAC of 0.10 to be in physical control of a motor vehicle. In 1997, the statute was amended to reduce the BAC limit to 0.08. 1997 Idaho Sess. Laws ch. 158, § 1.

which is not directly relevant to the qualifications of the juror, or is not reasonably calculated to discover the possible existence of a ground for challenge, or has been previously answered, shall be disallowed by the court...." Thus, questions that are designed not to elicit factual information from the juror, but to inquire into a juror's personal knowledge or understanding of the law are impermissible. *State v. Bitz*, 93 Idaho 239, 244, 460 P.2d 374, 379 (1969); *State v. Hoagland*, 39 Idaho 405, 417, 228 P. 314, 318 (1924).

■ If a query into a potential juror's personal knowledge of existing and applicable law is not relevant to the jury selection process, the prosecutor's inquiry here, asking the venireperson's beliefs about how the law should be changed, is even further afield. The only law applicable to Severance's guilt or innocence was that which was in effect at the time of the alleged offense and upon which the jurors were obligated to take instruction from the trial court. The prosecutor's request for disclosure of a prospective juror's attitude toward lowering the BAC limit was not designed to reveal anything about the individual's ability to sit as a fair and unbiased juror. Therefore, the magistrate's overruling of Severance's objection to this question was in error.

Not every trial error calls for reversal of a judgment, however; a conviction may not be disturbed for an error that did not affect the substantial rights of the parties. I.C.R. 52. A trial error will be deemed harmless if the appellate court is convinced beyond a reasonable doubt that the jury would have reached the same result in the case had the error not occurred. *State v. Peite*, 122 Idaho 809, 821, 839 P.2d 1223, 1235 (Ct.App.1992).

Although we do not condone this prosecutor's misuse of voir dire, we conclude that the error did not impair Severance's substantial rights. The improper question asked the juror for irrelevant information and could be viewed as posturing by the prosecutor. However, the prosecutor did not ask a juror to commit to a position on the verdict before hearing all the evidence, nor did he ask a juror to disregard the applicable law and vote to convict Severance even if the State was unable to prove the elements of the offense under existing law. This Court is persuaded beyond a reasonable doubt that the error in voir dire did not affect the jury's verdict. We therefore affirm the magistrate's order withholding judgment and imposing probation.

Judge SCHWARTZMAN and Judge Pro Tem GUTIERREZ CONCUR.