# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46297

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

MERLE THEODORE MILLER,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: April 29, 2020

Karel A. Lehrman, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

---

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Scott Wayman; Hon. Fred M. Gibler, District Judges.

Judgment of conviction for burglary, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeffery D. Nye, Deputy Attorney General, Boise, for respondent.

---

BRAILSFORD, Judge

Merle Theodore Miller appeals from his judgment of conviction for burglary, Idaho Code § 18-1401. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The Strike Zone is an entertainment business dealing in videogames, among other things. In October 2016, the owner of The Strike Zone discovered someone had broken into the business by kicking in a side door. A footprint was left on the door and several items were missing including two televisions, an Xbox One gaming console, a Wii U gaming console, video games, a camera DVR system, three iPads, and cash. The police investigated and discovered the stolen televisions and Wii U gaming console at a nearby pawn shop, Pawn, Inc. ("Pawn"). Miller, an employee at The Strike Zone, had signed the pawn slips for the stolen items.

Deputy Patterson interviewed Miller, who initially denied knowing anything about the stolen items. Miller then changed his story, claiming his "buddy" had given him some stuff to

1

pawn and admitted the "stuff" resembled the stolen items. Eventually, Miller confessed he "took the stuff" (referring to the items located at Pawn) because he "didn't feel like [The Strike Zone owner] had been paying [him] fairly" and because he needed the money to travel to Boise. Miller denied knowing anything about the backdoor being kicked in or about the other stolen items.

As a result of this incident, the State charged Miller with two counts of burglary. Count I alleged Miller entered The Strike Zone "with the intent to commit the crime of theft or any felony." Count II alleged Miller entered Pawn "with the intent to commit the crime of theft or any felony." Miller waived his right to a jury trial, and a court trial was held.

During trial, the State presented testimony from Pawn's manager, who testified Miller did not sell the stolen items outright to Pawn but instead entered into a pawn loan. According to Pawn's manager, when Pawn extends a loan it charges interest on the amount loaned and holds the pawned item for sixty days before selling it if the loan is not repaid. In contrast, if Pawn buys an item, it only holds the item for two weeks before selling it. Pawn's manager testified that, in his experience, people pawning stolen items use the loan method just as frequently as the direct sale method. Further, Pawn's manager testified Miller never repaid the loan on the stolen items. In Miller's case-in-chief, Miller called an investigator who testified that the footprint found on the door was much smaller than Miller's foot and that he could not have been the one who left the footprint.

The district court acquitted Miller of Count I, burglary of The Strike Zone. The court explained that, "while it certainly more probably than not appears that [Miller] had something to do with [the burglary], I cannot find beyond a reasonable doubt that he was the one that entered into the place to burglarize The Strike Zone." The district court, however, found Miller guilty of Count II, burglary of Pawn. In support of this finding, the court stated:

> The argument is that [Miller] took these items but he was going to pawn them and then pay the pawn shop back. Basically a loan to try and negate any specific intent to commit a theft.
> The facts are a little different, though, as I find them. I find that [Miller's] statements indicated that he felt he was not being paid fairly by [the Strike Zone's owner]. [Miller] indicated that he needed money to travel to Boise. And so he admitted taking the items that were pawned by him at the pawn shop on the day in question and he got a fair amount of money for those items and it [has] never been paid back.

2

Given his statement that he was the one who took those items, given his statement that he felt he was not being paid fairly, the Court finds and makes the reasonable inference that he had the motive to take these items. When he entered into the pawn shop, he did so with the intent to get money for those items. And I cannot find that there is any evidence, other than sheer speculation, that he was gonna pay it back and that equates to the Court finding that he entered into [Pawn] with the specific intent to commit theft; the taking of the money.

Miller timely appeals.

## II.

## ANALYSIS

On appeal, Miller argues there is insufficient evidence to support his conviction under Count II for committing burglary of Pawn. Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence on which a reasonable trier of fact could have found the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

To find Miller guilty of burglary, the State had to prove Miller entered Pawn "with intent to commit any theft or any felony." I.C. § 18-1401. "A person commits theft when he knowingly takes or exercises control over, or makes an unauthorized transfer of an interest in, the property of another person, with the intent of depriving the owner thereof." I.C. § 18-2403(3). The intent to deprive is defined as:

> (a) To withhold [the property] or cause it to be withheld from [the owner] permanently or for so extended a period or under such circumstances that the major portion of its economic value or benefit is lost to [the owner]; or
> (b) To dispose of the property in such manner or under such circumstances as to render it unlikely that an owner will recover such property.

I.C. § 18-2402(3). Intent may be established through either direct or circumstantial evidence. *State v. Krommenhoek*, 107 Idaho 188, 189, 687 P.2d 578, 579 (Ct. App. 1984).

3

As an initial matter, we note Miller mischaracterizes the State's burden to prove he committed burglary of Pawn. Miller argues the State failed to prove beyond a reasonable doubt that "Miller intended to permanently deprive the owner of the items when he entered Pawn." More specifically, Miller argues "the State was required to establish, beyond a reasonable doubt, that [Miller] entered [Pawn] intending to dispose of The Strike Zone's property in a way as to permanently deprive the owner of the property" and that "he never intended to permanently deprive The Strike Zone of the items at the time he entered Pawn." In other words, Miller's argument is the State had to prove that when obtaining a pawn loan on the stolen items, Miller intended to permanently deprive The Strike Zone of that property.

Miller's argument misconstrues the district court's ruling and the State's theory of the case. The State's theory was that Miller permanently deprived Pawn of the cash he obtained in exchange for the stolen property. As the prosecutor argued during closing, "the bottom line is [Miller] wrote his name down [on the pawn slip] as he was the person who was pawning [the stolen property] and he took cash for it and he never paid it back." Addressing the State's theory, the court found:

> When [Miller] entered into the pawn shop, he did so with the intent to get money for those items. And I cannot find that there is any evidence, other than sheer speculation, that he was gonna pay it back and that equates to the Court finding that he entered into [Pawn] with the specific intent to commit theft; the taking of the money.

By misconstruing the State's theory of the case and the district court's ruling on that theory, Miller also misconstrues the State's burden, which was to prove that Miller intended to permanently deprive Pawn of the cash he obtained for the stolen items. Regardless, we analyze Miller's arguments on appeal under the correct burden.[1]

In support of his argument that the State failed to meet its burden, Miller points to evidence that he "previously received a pawn loan for at least one of the items missing from the Strike Zone [and] recovered the item by paying the purchase price plus interest"; he "went to the

---

[1]    By concluding Miller misconstrued the State's theory of the case and the district court's ruling in this case, we do not intend to hold that the State could not have proven burglary by showing Miller intended to permanently deprive The Strike Zone of the stolen items when he obtained a pawn loan on those items. Miller's characterization of the burden of proof could conceivably support a finding a defendant is guilty of burglary. *See, e.g.*, *State v. Hart*, 112 Idaho 759, 760, 735 P.2d 1070, 1071 (Ct. App. 1987) (affirming conviction for grand theft based on defendant's intent to permanently deprive owner of stolen guns by pawning the guns).

trouble of getting a pawn loan so that he had the option to buy back the items within 60 days"; "before the 60 days were over, Deputy Patterson put a police hold on the items . . . preventing [Miller] from paying to retrieve the items"; and [j]ust 28 days after the pawn loan was obtained, the owner was told to pick up the items." Miller argues these facts indicate he intended to repay the loan and, thus, did not intend to permanently deprive the owner (Pawn under the correct analysis) of the property. By arguing these facts, however, Miller is simply urging this Court to substitute our view for the district court's view. We decline to reweigh the evidence and the reasonable inferences the court drew from that evidence. *See Knutson*, 121 Idaho at 104, 822 P.2d at 1001 (ruling appellate court will not substitute its view for that of trier of fact); *State v. Rogerson*, 132 Idaho 53, 58, 966 P.2d 53, 58 (Ct. App. 1998) ("Where there is competent evidence to sustain the verdict, we will not reweigh the evidence or disturb the verdict.").

Moreover, that certain evidence may have been conflicting or circumstantial is not a basis to conclude the evidence was insufficient to convict Miller. Substantial evidence may exist even when the evidence presented is solely circumstantial or when there is conflicting evidence. *State v. Severson*, 147 Idaho 694, 712, 215 P.3d 414, 432 (2009); *State v. Stevens*, 93 Idaho 48, 50-51, 454 P.2d 945, 947-48 (1969). Circumstantial evidence is sufficient to uphold a guilty verdict if it gives rise to reasonable inferences of guilt, even if that evidence could also be interpreted consistently with a finding of innocence. *Severson*, 147 Idaho at 712, 215 P.3d at 432; *State v. Slawson*, 124 Idaho 753, 757, 864 P.2d 199, 203 (Ct. App. 1993).

We also find unpersuasive Miller's argument that his case is distinguishable in any meaningful way from *State v. Hart*, 112 Idaho 759, 735 P.2d 1070 (Ct. App. 1987). In that case, Hart was charged with grand theft after pawning several guns belonging to his landlord. *Id*. at 760, 735 P.2d at 1071. At trial, Hart admitted he pawned the guns but he claimed he intended to buy them back from the pawn shop and return them to his landlord. *Id*. at 761, 735 P.2d at 1072. He also claimed, however, that when he attempted to retrieve the guns from the pawn shop, the police had placed a "hold" on them, preventing him from buying them. *Id*. Meanwhile, the State presented evidence contradicting Hart's testimony that the police had placed a hold on the guns before Hart attempted to retrieve them, thereby suggesting he never attempted to retrieve them. *Id*. A jury convicted Hart of grand theft. *Id*. On appeal, Hart argued the State failed to present sufficient evidence that he possessed the requisite intent to permanently deprive his landlord of the guns. *Id*. This Court rejected Hart's argument, ruling the jury could have reasonably found

that "Hart had not returned to the pawn shop to retrieve the guns [and] never intended to voluntarily retrieve the guns." *Id*.

Miller claims his case is distinguishable from *Hart* because, unlike Hart, Miller did not sell the stolen items to Pawn but rather he obtained a pawn loan secured by the stolen items. In support, he argues "the district court heard testimony that in the past, [Miller] had pawned one of the same [stolen] items and then paid back the pawn loan to retrieve the item"; the court "heard [Miller] say at least three times that he was waiting on some money or trying to get some money and he intended to pay the pawn loans and get the items back to The Strike Zone"; "he was obstructed by law enforcement's actions" when the police put a "hold on the items"; and he "still had another month to pay the pawn loan and retrieve the items." Miller's argument is again simply a request that this Court reweigh the evidence, which we also decline to do. *See Knutson*, 121 Idaho at 104, 822 P.2d at 1001 (ruling appellate court will not substitute its view for that of trier of fact); *State v. Rogerson*, 132 Idaho 53, 58, 966 P.2d 53, 58 (Ct. App. 1998) ("Where there is competent evidence to sustain the verdict, we will not reweigh the evidence or disturb the verdict."). To the extent Miller is requesting this Court to rule as a matter of law that obtaining a pawn loan on stolen goods is not burglary, we decline to reach this conclusion.

Considering the evidence in the light most favorable to the prosecution, we hold that a reasonable trier of fact could have found the State proved Miller entered the pawn shop with the intent to deprive Pawn of its property, namely the cash received in exchange for the stolen items, and that the district court's finding that Miller is guilty of burglary of Pawn under Count II is supported by substantial evidence. *See Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101 (ruling court will not overturn finding of guilt if there is substantial evidence on which reasonable trier of fact could have found prosecution sustained burden of proving essential elements beyond reasonable doubt).

## III.

### CONCLUSION

Substantial evidence supports the district court's ruling that Miller is guilty of burglary. Accordingly, we affirm Miller's judgment of conviction.

Chief Judge HUSKEY and Judge GRATTON **CONCUR**.

6