**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49554**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed: August 2, 2023** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| JESUS MANUEL REYES, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. George A. Southworth, District Judge.

Order denying Idaho Criminal Rule 29 motion for acquittal, <u>reversed</u>; judgment of conviction for grand theft, <u>affirmed</u>; judgment of conviction for two counts of unlawful possession of a firearm, <u>vacated</u>; and <u>case remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Jesus Manuel Reyes appeals his judgment of conviction. On appeal, Reyes argues the judgment of conviction for two counts of unlawful possession of a firearm, Idaho Code § 18-3316(1), should be reversed and a judgment of acquittal should be entered because the State did not present sufficient evidence to prove beyond a reasonable doubt that Reyes was a previously convicted felon.[1] A qualifying prior felony conviction is a necessary element of an unlawful possession of a firearm charge, and the State must prove beyond a reasonable doubt that the defendant named in the prior felony conviction is the defendant facing the unlawful possession of a firearm charge. For the reasons set forth below, we vacate the judgment of conviction for the

_____

[1] Reyes does not challenge the portion of the judgment of conviction relating to grand theft.

1

two counts of unlawful possession of a firearm because the State did not present sufficient evidence to prove beyond a reasonable doubt that Reyes was a previously convicted felon.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Reyes with two counts of unlawful possession of a firearm and one count of grand theft by possessing stolen property in Canyon County. Reyes pleaded not guilty and proceeded to trial. During trial, the State called one witness, Detective Daniel Hoover, who testified that "Jesse Reyes or Jesus Reyes" resided at the house where a search warrant was executed in relation to the present charges. Detective Hoover then identified Reyes, sitting at the defendant's table, as the person who resided at the residence. The State asked Detective Hoover, "Are you aware whether the defendant has been convicted of any felony crimes?" Detective Hoover responded, "I am." Immediately after this response, the State introduced a 2019 Canyon County Judgment and Commitment and Order of Probation on Suspended Execution of Judgment (Judgment of Conviction) based on a plea of guilty to felony domestic battery with traumatic injury with a name of "Jesus Manuel Reyes, AKA Jesse Reyes." The Judgment of Conviction displayed a partial social security number and a date of birth. The Judgment of Conviction was admitted into evidence without objection. The State provided no additional evidence that the Jesus Reyes named in the Judgment of Conviction was the same Jesus Reyes standing trial for the two counts of unlawful possession of a firearm.

After the State completed its case-in-chief, defense counsel moved the court for judgment of acquittal pursuant to Idaho Criminal Rule 29 on the two counts of unlawful possession of a firearm and argued the State did not meet its burden of proving Reyes had a prior felony conviction. The court denied the motion reasoning, "I think with the statements and admissions made by counsel in opening statements and probably even in voir dire, recognizing they're not evidence, it's a tough call. But I'm going to allow it to go forward at this time."

The jury found Reyes guilty of all counts. Reyes timely appeals.

## II.

## STANDARD OF REVIEW

Idaho Criminal Rule 29 provides that when a verdict of guilty is returned, the court, on motion of the defendant, shall order the entry of a judgment of acquittal if the evidence is insufficient to sustain a conviction of the offense. The test applies when reviewing the district

court's ruling on a motion for judgment of acquittal to determine whether the evidence is sufficient to sustain a conviction of the crime charged. *State v. Fields*, 127 Idaho 904, 912-13, 908 P.2d 1211, 1219-20 (1995). When reviewing the sufficiency of the evidence where a judgment of conviction has been entered upon a jury verdict, the evidence is sufficient to support the jury's guilty verdict if there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We do not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001. If we determine the evidence is insufficient, the defendant is entitled to acquittal. *State v. Calver*, 155 Idaho 207, 210, 307 P.3d 1233, 1236 (Ct. App. 2013).

## III.

## ANALYSIS

Reyes argues the court erred by not granting his motion for acquittal pursuant to I.C.R. 29. Specifically, Reyes argues, contrary to the district court's finding, his counsel did not make any admissions regarding a previous felony conviction during voir dire or opening statement that relieved the State of its evidentiary burden. Additionally, Reyes argues there was insufficient evidence to prove Reyes was previously convicted of a felony domestic battery with traumatic injury in 2019. In response, the State contends that sufficient evidence was presented to prove beyond a reasonable doubt that Reyes had a prior felony conviction.

Idaho Code § 18-310 prohibits a person who has been convicted of the listed felonies from shipping, transporting, possessing, or receiving a firearm. Specific to Reyes, I.C, § 18-310(2)(f) prohibits a person who has been convicted of felony domestic battery from possessing a firearm. The State must prove the prior crime was a felony and "the identity of the defendant as the person formerly convicted [of a felony] beyond a reasonable doubt." *State v. Wilson*, ___ Idaho ___, ___

3

P.3d ___ (May 11, 2022) (petition for rehearing granted)[2] (quoting *State v. Medrain*, 143 Idaho 329, 332, 144 P.3d 34, 37 (Ct. App. 2006)). A combination of personal and non-personal identifying evidence, when considered together, can be sufficient to establish the defendant's identity to the prior felony beyond a reasonable doubt. *Wilson*, ___ Idaho at ___, ___ P.3d at ___; *State v. Lawyer*, 150 Idaho 170, 174, 244 P.3d 1256, 1260 (Ct. App. 2010). Personal identifying evidence can include a name, fingerprints, booking photographs, testimony from law enforcement, as well as the defendant's gender, race, date of birth, and driver's license number. *Wilson*, ___ Idaho at ___, ___ P.3d at ___; *Lawyer*, 150 Idaho at 173-74, 244 P.3d at 1259-60. Non-personal identifying evidence can include the offense type and geographical location. *Wilson*, ___ Idaho at ___, ___ P.3d at ___.

Correlating personal identifying evidence is required to establish the defendant has been convicted of a prior felony beyond a reasonable doubt. *Id.* "[A] certified copy of a judgment of conviction bearing the same name as the defendant, with nothing more, is insufficient to establish the identity of the person formerly convicted beyond a reasonable doubt." *Medrain*, 143 Idaho at 332, 144 P.3d at 37. Merely presenting evidence of the defendant's first and last name with non-personal identifying evidence of geographical location and age range is also not sufficient to establish the defendant's identity to a prior felony conviction. *Wilson*, ___ Idaho at ___, ___ P.3d at ___; *State v. Ish*, 161 Idaho 823, 826, 392 P.3d 1, 4 (Ct. App. 2014). Correlating personal evidence of the defendant's name and a certified judgment of conviction, accompanied by booking photographs, fingerprint cards, and/or testimony that those fingerprints are similar to the defendant's fingerprints, is sufficient evidence to establish the defendant's identity beyond a reasonable doubt. *Wilson*, ___ Idaho at ___, ___ P.3d at ___. Whether there is sufficient evidence to prove the defendant has been previously convicted of a felony is a factual determination made on a case-by-case basis. *Id.*

"The goal of voir dire is to assure retention of a fair and impartial jury." *State v. Severance*, 132 Idaho 637, 638, 977 P.2d 899, 900 (Ct. App. 1999); *State v. Hart*, 112 Idaho 759, 761, 735 P.2d 1070, 1072 (Ct. App. 1987). "The purpose of an opening statement is to outline the evidence

---

[2]     The issue on rehearing involved whether the State presented sufficient evidence that Wilson's prior Michigan conviction was a felony. The petition for rehearing did not challenge the Idaho Supreme Court's conclusion that sufficient personal identifying information was presented for the jury to find Wilson had a prior Idaho felony conviction.

that will be presented during trial." *Pomrenke v. State*, 169 Idaho 474, 482, 497 P.3d 548, 556 (Ct. App. 2021). As such, questions, remarks, and statements made by counsel during voir dire and opening statements are not evidence and do not define the material issues at trial. *State v. Boehner*, 114 Idaho 311, 317, 156 P.2d 1075, 1081 (Ct. App. 1988). The district court's reliance on its memory of defense counsel's remarks made during voir dire and opening statements as the basis to deny Reyes' motion for acquittal is contrary to the jury instructions, which explicitly state the arguments and statements of attorneys are not evidence.[3] Therefore, the court erred when considering statements made during voir dire and opening statements, rather than the admitted exhibits and elicited testimony, to deny Reyes' I.C.R. 29 motion.

Furthermore, defense counsel made no factual admission that Reyes had a previous felony conviction for domestic battery. Immediately before the parties began questioning the jury venire, the court read the charges to the venire accusing Reyes of unlawfully possessing a firearm while knowing he had previously been convicted of felony domestic violence in 2019. During voir dire, the State referenced the charges that were read by asking a juror, "So you also heard that there's a charge or an allegation that this defendant has previously been convicted of a felony crime. Does that also make you feel uncomfortable or affect your feelings toward this case?" This was the second instance the venire heard the accusation that Reyes had a prior felony conviction. After the State passed the jury for cause, defense counsel explained,

> I think that the State kind of covered in part what we're interested in. This trial is a little different. Normally you wouldn't hear anything bad about someone that's been accused of a crime. The concern being if you hear something bad about them unrelated to the alleged crime, then you might not like them. You might be more likely to convict.

---

[3] Jury Instruction No. 11 specifically stated:

> As members of the jury it is your duty to decide what the facts are and to apply those facts to the law that the Court has given you. You are to decide the facts from all the evidence presented in the case.
> The evidence you are to consider consists of:
>   1. sworn testimony of witnesses;
>   2. exhibits which have been admitted into evidence; and
>   3. any facts to which the parties have stipulated.
> Certain things you have heard or seen are not evidence, including:
>   1. arguments and statements by lawyers. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is included to help you interpret the evidence, but is not evidence.

In this case, one of the allegations is a possession by a felon, so you're hearing that my client Mr. Reyes has a previous felony conviction.

So my question is: Can you understand how that would concern the defense? That we're a little worried because in this type of a case, the jury is hearing bad information about my client that they normally wouldn't hear about and then they might be more likely to convict. Can you understand that concern?

In context, defense counsel's question was explaining to the venire what the State was saying the evidence would show and asking prospective jurors if they could set aside the State's accusation of a prior felony conviction to make a fair and impartial finding on whether Reyes had a prior felony conviction and whether the State proved his guilt beyond a reasonable doubt for the crime at issue. Asking prospective jurors if they could render a decision based on the evidence presented, and not just what the State proposes the evidence will show, is not a factual stipulation that Reyes had a prior felony conviction.

Neither did defense counsel admit that Reyes is a previously convicted felon during its opening statement. During opening statements, defense counsel described the timeline of the arrest, search, and arraignment. Defense counsel depicted Reyes as sitting in jail unsure of what he was charged with until ten days after his arrest when he appeared before the judge who read the probable cause affidavit. Defense counsel then offered one explanation to indicate to the jury how Reyes interpreted and understood the charges brought against him by telling the jury:

So basically up until this point, you know, from June 1st up until June 11th, Jesse's sitting in jail. He's like so what exactly am I charged with? What's going on here? Right? So on June 11th, that's when he goes before the judge, and they read this PC affidavit, which kind of explains what he's being charged with. So there Jesse finds out, oh, so they found this little black box, this safe supposedly in my room has two guns in it. I'm a convicted felon, so I'm not supposed to have guns. Right? And one of them also happens to be stolen. So I guess that's what's happening.

This statement was defense counsel's perception of Reyes' mental state and was used to provide context for a subsequent audio recorded phone call made by Reyes while in jail. Thus, counsel did not state Reyes was a convicted felon or that Reyes was admitting to a prior felony conviction. Instead, defense counsel explained how defense counsel believed Reyes made sense of the charges. The explanation provided to the jury in opening argument regarding Reyes' understanding of the timeline and the charges was not a factual stipulation or admission of Reyes' status as a convicted felon.

6

But even if either or both of the above statements could be construed as admissions, they are not factual stipulations that would relieve the State of proving Reyes' prior conviction.[4]  This is because remarks made by counsel during voir dire and opening statements are not evidence and, thus, should not be considered when ruling on an I.C.R. 29 motion for acquittal.  Consequently, this Court will not consider either of the statements as evidence that Reyes had a prior felony conviction.  The remaining evidence to prove Reyes' prior felony conviction is Detective Hoover's testimony and the prior Judgment of Conviction.  The State argues sufficient evidence was introduced to show that Reyes was the same person identified in the Judgment of Conviction for felony domestic battery because the prior conviction was entered in the same county and displayed a birthdate and social security number.  In essence, the State argues that admitting a prior felony conviction which displays personal identifying evidence, without connecting the personal identifying information to the defendant, is sufficient to establish the defendant's identity in a prior felony conviction.  We disagree.  There was no evidence connecting the Jesus Reyes listed in the Judgment of Conviction to the Jesus Reyes on trial for two counts of unlawful possession of a firearm.

The Idaho Supreme Court recently addressed this issue in *Wilson*.  Wilson was charged in Custer County, Idaho, with unlawful possession of a firearm in violation of I.C. § 18-3316.  *Wilson*, ___ Idaho at ___, ___ P.3d at ___.  To prove the allegation, the State introduced two prior judgments of conviction.  One judgment of conviction was from Custer County and showed Wilson had previously been convicted of felony battery with intent to commit a serious felony.  *Id.*  The judgment clearly listed the underlying crime as a felony.  *Id.*  The non-personally identifying evidence included the fact that the prior conviction occurred in Custer County, the same county as

---

[4]      Stipulations serve as a form of judicial admission that removes the necessity for a party to prove the facts admitted.  *Reding v. Reding*, 141 Idaho 369, 373, 109 P.3d 1111, 1115 (2005).  When parties agree to a set of stipulated facts, the district court may rely on the stipulation as undisputed proof of the factual matters asserted.  *State v. Hochrein*, 154 Idaho 993, 1000, 303 P.3d 1249, 1256 (Ct. App. 2013).  "As a general rule, stipulations of parties or counsel made in pending proceedings are conclusive as to all matters properly contained or included therein."  *Id.*  However, defense counsel could not stipulate to a fact establishing an element of the offense if the district court had not confirmed with Reyes whether he agreed to the stipulation and if he understood its effect regarding the State's burden of proof on that element.  *Id*. at 998, 303 P.3d at 1254 (holding "due process principles preclude the acceptance of a stipulation to the truth of persistent violator allegations without judicial inquiry to determine that the defendant makes the admission voluntarily and with an understanding of the consequences").

the offense in which the defendant stood trial. *Id.* The personally identifying evidence included the defendant's full name and date of birth. *Id.* A Custer County Sheriff's deputy testified that he knew Wilson from the community, Wilson had previously been convicted of the prior felony in question, the deputy was familiar with Wilson's birthdate, and the birthdate on the judgment of conviction was Wilson's birthdate. *Id.* The Idaho Supreme Court affirmed Wilson's conviction, holding the evidence was sufficient to support the jury's finding that Wilson had been previously convicted of a felony. *Id.*

Unlike *Wilson*, however, this case has no similar correlating testimony. The Judgment of Conviction identified the prior crime of domestic battery with traumatic injury as a felony, included the full name of "Jesus Manuel Reyes, AKA Jesse Reyes," a partial social security number, and a date of birth. During Detective Hoover's testimony, he referred to Reyes as both Jesse Reyes and Jesus Reyes. Detective Hoover responded in the affirmative when asked, "Are you aware whether the defendant has been convicted of *any* felony crimes." This question asks only about Detective Hoover's awareness of prior convictions not the content or identity of the person in the prior convictions. The State did not follow up and ask Detective Hoover any additional questions about Reyes' prior record generally, or the Judgment of Conviction specifically. For example, the State did not ask what prior felony conviction Detective Hoover was aware of, the year of the conviction, or elicit any further testimony from the detective correlating the social security number or date of birth on the Judgment of Conviction to the Jesus Manuel Reyes in the present case. *Compare, e.g.*, *Lawyer*, 150 Idaho at 173-74, 244 P.3d at 1259-60 (holding combination of non-personal identifying evidence of same offense and conviction location with personal identifying evidence of arresting officer testifying that defendant's name and birthdate from prior conviction matched defendant's driver's license was sufficient to establish identity beyond reasonable doubt). Detective Hoover's testimony only confirms Reyes' identity for the present case, not the identity for the prior Judgment of Conviction. Similarly, the State did not introduce other evidence to show Reyes had the same social security number and birthdate as shown on the prior Judgment of Conviction.

The State argues that because the previous conviction and the crimes for which Reyes was on trial were both from Canyon County, it sufficiently established non-personal identifying evidence. We disagree. The fact that both crimes occurred in Canyon County does not establish that the Reyes listed in the Judgment of Conviction is the same Reyes that was on trial. The State

had multiple ways in which it could connect Reyes to the prior felony conviction but did not do so. *Compare Ish*, 161 Idaho at 826, 392 P.3d at 4 (holding it insufficient to establish defendant's identity to prior alleged crime without correlating evidence of defendant's birthdate, social security number, or other identifying data); *Lawyer*, 150 Idaho at 173-74, 244 P.3d at 1259-60 (holding correlative proof of personally identifying facts can include fingerprints, pictures of prior offender to compare to defendant, testimony from law enforcement or court officials that defendant was subject of prior conviction, admission to parole officer of culpability in prior conviction, or evidence of an identical driver's license number, gender, race, and birthdate).

As such, the only personal identifying evidence correlating Reyes to the prior felony domestic battery Judgment of Conviction is the name "Jesus Manuel Reyes, AKA Jesse Reyes." "[A] certified copy of a judgment of conviction bearing the same name as the defendant, with nothing more, is insufficient to establish the identity of the person formerly convicted beyond a reasonable doubt." *Medrain*, 143 Idaho at 332, 144 P.3d at 37.

The State did not prove beyond a reasonable doubt that Reyes was the subject of a prior felony conviction, which is an essential element for the unlawful possession of a firearm charge. When the evidence is insufficient to prove beyond a reasonable doubt the identity of the person formerly convicted, the defendant is entitled to acquittal and the judgment must be vacated. *Calver*, 155 Idaho at 210, 307 P.3d at 1237; *Medrain*, 143 Idaho at 332, 144 P.3d at 37. Because the State did not prove beyond a reasonable doubt that Reyes had a prior felony conviction, the district court erred in denying Reyes' motion for acquittal pursuant to I.C.R. 29. Consequently, we reverse the district court's order denying Reyes' I.C.R. 29 motion on the two charges of unlawful possession of a firearm and remand the case for a judgment of acquittal on those two charges and an amended judgment as to Reyes' unchallenged conviction for grand theft.

## IV.

## CONCLUSION

The district court erred when it denied Reyes' I.C.R. 29 motion for acquittal. Accordingly, the denial of Reyes' I.C.R. 29 motion is reversed and his convictions for the two counts of unlawful possession of a firearm are vacated. The case is remanded for further proceedings consistent with this opinion.

Chief Judge LORELLO and Judge GRATTON **CONCUR**.

9